Case 5:22-cv-01174-OLG   Document 11   Filed 02/24/23   Page 1 of 11

FILED
February 24, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _Breanna Coldewey_
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KASHAN INVESTMENT INC.; § <br> And I10 RUG CENTER LTD § <br> § <br> V. § <br> § <br> DEPOSITORS INSURANCE COMPANY § | CIVIL ACTION <br> NO. 5:22-CV-001174 |

**PLAINTIFFS' FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes KASHAN INVESTMENT INC, and I10 RUG CENTER LTD., Plaintiffs herein, who files this, its First Amended Petition against the Defendant DEPOSITORS INSURANCE COMPANY, and hereby respectfully shows unto the Court and Jury as follows:

**I. DISCOVERY CONTROL PLAN**

Plaintiff intends for discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure.

**II. PARTIES**

Plaintiffs, KASHAN INVESTMENT INC. and I10 RUG CENTER LTD. are corporations that own property at issue in this lawsuit in San Antonio, Texas.

The Court has jurisdiction over Defendant, Depositors Insurance Company because this Defendant engages in the business of insurance in the State of Texas. Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Defendant may be served through its counsel of record, Patrick Kemp, Segal McCambridge, Singer & Mahoney, 100 Congress Avenue, Suite 800, Austin, Texas 78701.

### III. VENUE

Venue is proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Bexar County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Bexar County against all the potential Defendant in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

Plaintiff is the owner of Policy numbers ACP BPRD7204648566 issued by Defendant (hereinafter referred to as the "Policy"). Plaintiff owned the insured property (hereinafter referred to as the "Property"), which is specifically located at 12300 W. I-10, San Antonio, Texas 78230.

Defendant sold the Policy, insuring the Property that is the subject of this lawsuit, to Plaintiff. Plaintiff suffered a significant loss with respect to the Property at issue as a result of a plumbing leak. Plaintiff complained that the water entered the property and froze on the floor cracking the flooring treatment.

Plaintiff submitted a claim to Defendant for damages to the Property insured by the Defendant. Defendant assigned claim number 593528-GL to Plaintiff's claim. Defendant

assigned Freddy Salinas to adjust Plaintiff's claim. Adjuster Salinas hired E.F.I. Global to inspect the flooring to determine if the cracking was caused by the freezing water. Plaintiff submitted the opinion of an expert contractor with years of experience working with the flooring treatment at the source of Plaintiff's complaint. However, Defendant disagreed that the freezing water caused the damage and denied that portion of Plaintiff's claim.

Defendant failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the Policy. Defendant failed and refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damage and all conditions precedent to recovery upon the Policy and under Plaintiff's claims have been carried out and accomplished by Plaintiff. Such conduct by Defendant constitutes breach of the insurance contract between Defendant and Plaintiff.

Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant' conduct constitutes violations of the Texas Insurance Code. Defendant misrepresented that Plaintiffs' property was caused by damage outside the coverage period, though they did not have evidence at the time of the loss to support that claim.

Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was or should have been aware of its liability to Plaintiff under the Policy. Defendant' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE §541.060(2).

Defendant failed to promptly provide to Plaintiff a reasonable explanation of the basis of the policy, in relation to the facts or applicable law, for the Defendant' denial of the claim. Defendant' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE §541.060(3).

Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant. Defendant' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(4).

Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(7).

Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claim, beginning investigations to Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claim. Defendant' conduct constitutes violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.055.

Defendant failed to accept or deny Plaintiff's full and entire claim within fifteen (15) business days of receiving all required information. Defendant' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE §542.056.

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not yet received full payment for the claim. Defendant' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.055.

From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably

clear. However, Defendant have refused to pay Plaintiff in full, despite Defendant having no good faith basis on which a reasonable insurance company would have relied on to deny the full payment. Defendant' conduct constitutes breaches of the common law duty of good faith and fair dealing.

As a result of Defendant' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

## VI. CAUSES OF ACTION

### A. Breach of Contract by Defendant

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitute material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### B. Cause of Action for Violation of Section 541 by Defendant

Defendant' conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE §541.151.

Defendant' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

Defendant' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant' liability under the Policy was reasonably clear, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

Defendant' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. §541.051, 541.060 and 541.061.

Defendant' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

**C. Cause of Action for Violation of Section 542 by Defendant**

Defendant' conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542. All violations made under this article are made actionable by TEX. INS. CODE §542.060

Defendant' failure, as described above, to acknowledge receipt of Plaintiff's claim, commence investigation of the clam, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claim. TEX. INS. CODE §542.055-542.060.

**D.  Cause of Action for Unfair Insurance Practices by Defendant**

Defendant' conduct described above constitutes unfair insurance practices.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. By its acts, omissions, failures, and

conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, Defendant' failure to pay for the proper repair of Plaintiff's real property on which liability had become reasonably clear; engaging in false, misleading and deceptive acts or practices in the business of insurance in this case; and misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue. They further include Defendant' failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    B.    Engaging in unfair claims settlement practices;

    C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

    E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

    F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing by Defendant.**

Defendant's conduct described above constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at the time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VII. KNOWLEDGE AND INTENT

Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## VIII.  WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX.  DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's real property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant' breach of contract.  Plaintiff is also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  All the damages described in this petition are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $1,000,000.00.

## X.  ADDITIONAL DAMAGES

Defendant have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.  Because of Defendant' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI.  EXEMPLARY DAMAGES

Defendant' breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and

with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant is the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant sand others similarly situated from committing similar acts in the future.

## XII.  ATTORNEYS' FEES

As a result of Defendant' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. JURY DEMAND

Plaintiff assert Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIV. REQUEST FOR DISCLOSURE

Pursuant to TEX. R. CIV. P. 194, you are requested to disclose, within fifty (50) days of the service of this request, the information or material described in 194.2(a)-194.2(l).

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**PACE RODGERS LAW PLLC**
310 W. SUNSET, STE. 203
SAN ANTONIO, TEXAS 78209
Telephone: (210) 714-3722
Telecopier: (210) 579-6679
crodgers@pacerodgerslaw.com


By: /s/ Clare Rodgers
CLARE P. RODGERS
State Bar Number: 24079097

**ATTORNEY FOR PLAINTIFF**